IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM DEANGLEO DINGLE      *

                *

v                *    Civil Action No. CCB-18-222

HARFORD COUNTY DETENTION CENTER*

                *
               ***

## MEMORANDUM

William Deangleo Dingle, a state inmate, seeks to attack his 2018 convictions for possession of narcotics and a firearm offense entered in the Circuit Court for Cecil County. Pet., ECF 1. In a limited answer, respondent argues that the petitioner's claims are unexhausted and/or procedurally defaulted. Limited Answer, ECF 7. Mr. Dingle has not filed a reply. After reviewing these papers, I find no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. 2254(e)(2). For reasons set forth herein, the Petition will be denied without prejudice.

On June 15, 2017, Mr. Dingle pled guilty in the Circuit Court for Cecil County to possession of narcotics with intent to distribute and being a felon in possession of a firearm. Circuit Ct. Case Summ., ECF 7-1 at 7. He was sentenced on January 16, 2018, to a 20-year term of confinement, with all but seven years suspended. *Id* at 10. He did not file an application for leave to appeal his conviction, nor has he instituted state post-conviction proceedings. *See id.* at 14.

Before this court may consider the merits of claims raised under 28 U.S.C. § 2254, which challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a Petition for Writ of Certiorari. *See* Md. Code Ann., Cts. & Jud. Proc., § 12-201 and § 12-301. If an appeal of right is not permitted, as in Mr. Dingle's case where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Cts. & Jud. Proc., § 12-302(e)(2). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, Mr. Dingle must file a Petition for Writ of Certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Further, Mr. Dingle must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where Mr. Dingle was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief

2



on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams*, 292 Md. at 210-11.

Mr. Dingle must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims. Mr. Dingle is forewarned that the one-year filing deadline begins to run on the date his conviction is final. 28 U.S.C. § 2244(d)(1). The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. 28 U.S.C. § 2244(d)(2). This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Mr. Dingle has to seek federal habeas corpus review. Given these constraints, the instant petition will be dismissed without prejudice to accord Mr. Dingle adequate time and notice to comply with both the exhaustion and filing deadline requirements.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *See Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Slack*, 529 U.S. at 484). Denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims

upon receiving such permission. Because Mr. Dingle has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate Order follows.

_5/9/18_  
Date

Catherine C. Blake  
United States District Judge